UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| JEREMY CARLTON BARRETT | NO.: 7-00058-BAJ-RLB |

### RULING AND ORDER

Before the Court is the **Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 84)**. The United States did not file a response. For the reasons stated herein, the **Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 84) is DENIED**.

I. BACKGROUND

On March 15, 2017, Petitioner was charged in an Indictment with one count of possessing a firearm after having been convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1) and one count of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d). (Doc. 1). On February 6, 2008 Petitioner pleaded guilty to both counts. (Doc. 49). On July 3, 2008, Petitioner was sentenced to a term of imprisonment of 216 months on count one and a term of imprisonment of 120 months on count two, to be served concurrently. The Court sentenced Petitioner under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which provides that an individual convicted of being a felon in possession of a firearm must receive a

minimum of fifteen years in prison if he has previously been convicted of three violent felony offenses. *Id.* Defendant had been convicted for armed robbery twice. He had also been previously convicted of simple burglary and simple burglary of an inhabited dwelling. (Doc. 64, at pp. 5, 7). On May 9, 2016 Petitioner filed a Motion to Vacate under 28 U.S.C. §2255, in which he argued that the Court should vacate his sentence based on *Johnson v. United States*, 135 S.Ct. 2551 (2015).[1] (Doc. 65). On June 26, 2017, Petitioner amended his Motion to Vacate, arguing that the Court should also vacate his sentence based on *Mathis v. United States*, 136 S.Ct. 2243, 2251 (2016).[2] The Court denied Petitioner's motion on November 21, 2017. Petitioner now asks the Court to set aside its ruling on the Motion to Vacate.[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgement, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied,

---

[1] In *Johnson v. United States*, the Supreme Court held that the residual clause of the ACCA, which defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

[2] In *Mathis v. United States*, the Supreme Court held that a prior conviction does not qualify as a violent felony offense enumerated in the ACCA if an element of the crime of conviction is broader than an element of the generic offense in the ACCA. *Mathis*, 136 S.Ct. at 2251.

[3] The Court notes that Petitioner makes several arguments in the instant motion identical to those in his original Motion to Vacate. To the extent Petitioner makes new arguments based on recently decided case law, the Court addresses them here.

is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

## III. DISCUSSION

The ACCA provides that if an individual convicted of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) has three previous convictions for a "violent felony," he is subject to a mandatory sentence of a minimum of fifteen years and a maximum of life. 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" in three ways:

- The elements clause defines a violent felony as a crime that "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

- The enumerated clause provides that a violent felony includes "burglary, arson, or extortion, [or a crime that] involves use of explosives[.]" 18 U.S.C. § 924(e)(2)(B)(ii)

- The residual clause defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

Petitioner argues that his two previous convictions for armed robbery, conviction for simple burglary, and conviction for simple burglary of an inhabited dwelling do not qualify as convictions for violent felonies under any of the provisions of the ACCA.

### A. *Johnson v. United States* and *Sessions v. Dimaya*

Petitioner first argues that based on the Supreme Court's decisions in *Johnson v. United States* and *Sessions v. Dimaya*, his sentence should be vacated. In *Johnson*

3

*v. United States*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. In *Sessions v. Dimaya*, the Supreme Court, based on its reasoning in *Johnson*, held that 18 U.S.C. §16(b), which defined a violent felony as "a felony that otherwise involves conduct that presents a serious potential risk of physical injury to another," was also unconstitutionally vague. *Sessions v. Dimaya*, 138 S.Ct 1204, 1215 (2018). The Court finds *Johnson* and *Sessions* to be inapplicable to Petitioner's case. *Johnson* only struck down the residual clause of the Armed Career Criminal Act and *Sessions* struck down a separate federal statute that featured language nearly identical to that found in the ACCA's residual clause. *Johnson* left intact the elements clause and the enumerated clause of the ACCA. Because Defendant's sentence was based on these two provisions, his sentence was unaffected by either of these Supreme Court rulings.

### B. Louisiana Burglary Statute

Petitioner alternatively argues that Louisiana's burglary statute defines burglary more broadly than does the ACCA, and thus cannot be considered a violent felony. Petitioner bases his argument on *Mathis v. United States*, where the Supreme Court held that a prior conviction does not qualify as a violent felony offense enumerated in the ACCA if an element of the crime of conviction is broader than an element of the generic offense in the ACCA. *Mathis*, 136 S.Ct. at 2251. Petitioner also points to *United States v. Herrold*, in which the United States Court of Appeals for the Fifth Circuit applied *Mathis* and found that a conviction under Texas's burglary statute could not be considered to be a crime of violence for purposes of a sentencing enhancement under the ACCA. *United States v. Herrold*, 883 F.3d 517, 531 (5th Cir.

4

2018). The Court found that while the generic burglary offense under the ACCA requires unlawful entry with *contemporaneous intent* to commit a crime, a person could be convicted under the Texas burglary law if they formed the intent to commit a crime *subsequent* to the unlawful entry, not just prior to or during the entry. *Id.*

Both *Mathis* and *Herrold* are inapplicable to Petitioner's case. Louisiana's codification of simple burglary is nearly identical to the generic burglary description offered under the ACCA. La. R.S. 14:62.2 defines simple burglary as the "unauthorized entry of any inhabited structure used as a home with the intent to commit a felony therein." This definition is indistinguishable from the generic definition of the offense of burglary as contemplated by the ACCA, which is "unlawful or unprivileged entry with contemporaneous intent to commit a crime." *Herrold*, 883 F.3d at 531. Both crimes require unauthorized entry into a place. Both require the perpetrator to have contemporaneously formed intent to commit a crime. Accordingly, conviction of simple burglary under Louisiana law constitutes a violent felony under the terms of the ACCA.

### C. Louisiana Armed Robbery Statute

Petitioner also argues that armed robbery under Louisiana law is not a crime of violence and thus cannot be considered a violent felony under the ACCA. Petitioner properly points out that armed robbery is not specifically enumerated in the ACCA and thus must fall under the elements clause of the ACCA. 18 U.S.C. § 924(e)(2)(B)(i). As noted previously, this section instructs that a violent felony is any felony that "has an element [of] the use, attempted use, or threatened use of physical force against the person of another." Louisiana law defines armed robbery as "the taking of anything

of value belonging to another from the person of another. . . by use of force or intimidation, while armed with a dangerous weapon." Armed robbery thus involves the perpetrator's use of force or intimidation while armed with a dangerous weapon, which the Court concludes is the equivalent of the threatened use of physical force. Accordingly, as the Court concluded in its initial ruling on Petitioner's Motion to Vacate, armed robbery in Louisiana constitutes a violent felony under the ACCA.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 84)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Request for Status on Motion for Relief from Judgment Pursuant to Rule 60(B) of the Federal Rules of Civil Procedure (Doc. 85)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 10th day of June, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA